UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARPENTERS INDUSTRIAL COUNCIL; SISKIYOU COUNTY, CALIFORNIA; AMERICAN FOREST RESOURCE COUNCIL; HAMPTON AFFILIATES; THE MURPHY COMPANY; ROUGH & READY LUMBER LLC, PERPETUA FORESTS COMPANY; SENECA SAWMILL COMPANY; SENECA JONES TIMBER COMPANY; SWANSON GROUP MFG. LLC; TRINITY RIVER LUMBER COMPANY,

Plaintiffs,

and

LEWIS COUNTY, a municipal corporation of the State of Washington; SKAMANIA COUNTY, a municipal corporation of the State of Washington; and KLICKITAT COUNTY, a municipal corporation of the State of Washington,

Plaintiff-Intervenors,

v.

RYAN ZINKE, Secretary of the Interior, and JAMES KURTH, Acting Director, U.S. Fish and Wildlife Service,

Defendants.

Case No. 13-00361 (RJL)

**PLAINTIFF-INTERVENORS SKAMANIA, LEWIS, AND KLICKITAT COUNTIES' RESPONSE AND JOINDER IN PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE**

**TABLE OF CONTENTS**

1. INTRODUCTION .......... 1
2. BACKGROUND FACTS .......... 1
3. ARGUMENT .......... 2
3.1. An Intervention Motion Must Be Timely .......... 2
3.2. The Environmental Groups' Intervention Motion is Not Timely .......... 3
4. CONCLUSION .......... 5

# TABLE OF AUTHORITIES

## CASES

Akiachak Native Cmty. v. DOI,
584 F. Supp. 2d 1 (D.D.C. 2008) ..... 2

Amalgamated Transit Union Int'l v. Donovan,
771 F.2d 1551 (D.C. Cir. 1985) ..... 2, 3

Carpenters Indus. Council v. Zinke,
854 F.3d 1 (D.C. Cir. 2017) ..... 2

NAACP v. New York
413 U.S. 345, 93 S. Ct. 2591, 37 L. Ed. 2d 648 (1973) ..... 2, 3

Sierra Club v. U.S. Dept. of Agriculture,
716 F.3d 653, 657 (D.C. Cir. 2013) ..... 3

Smoke v. Norton,
252 F.3d 468 (D.C. Cir. 2001) ..... 2

United States v. Caterpillar, Inc.,
2002 U.S. Dist. LEXIS 468 (D.D.C. Jan. 17, 2002) ..... 2

## COURT RULES

Fed. R.Civ.P. 24 ..... 2

## GLOSSARY

| | |
|---|---|
| **Carpenters** | Plaintiffs Carpenters Industrial Council; Siskiyou County, California; American Forest Resource Council; Hampton Affiliates; The Murphy Company; Rough & Ready Lumber LLC; Perpetua Forests Company; Seneca Sawmill Company; Seneca Jones Timber Company; Swanson Group Mfg. LLC; Trinity River Lumber Company |
| **Counties** | Plaintiff-Intervenors Skamania, Lewis, and Klickitat Counties in Washington State |
| **Environmental Groups** | Defendant-Intervenor-Applicants Center for Biological Diversity, Cascadia Wildlands, Klamath-Siskiyou Wildlands Center, Oregon Wild, The Wilderness Society, Sierra Club, Environmental Protection Information Center, Audubon Society of Portland, Cascade Forest Conservancy |
| **ESA** | Endangered Species Act, 16 U.S.C. § 1531, *et. seq*. |
| **Rule** | Rule designating nearly ten million acres for the spotted owl throughout Washington, Oregon, and California. 77 Fed. Reg. 71876 (Dec. 4, 2012). AR 1-1-790. |
| **Spotted Owl** | The terms "spotted owl" and "northern spotted owl" are used interchangeably. Both refer to the northern spotted owl (*strix occidentalis caurina*). |
| **USFW** | United States Department of Fish and Wildlife |

## 1. INTRODUCTION

The Counties join Carpenters' response opposing the Environmental Groups' motion to intervene and requesting its denial. Filed nearly four and one-half years since this case commenced, after the administrative record has been filed, and after the case has been fully briefed, the motion is untimely. Any further delay prejudices the Counties, given the severe forest and economic conditions existing within these rural timber communities stemming from the Rule designating over 800,000 acres within their borders.[1] The Counties request the Court deny intervention.

## 2. BACKGROUND FACTS

Five years ago, USFW designated about three million acres of critical habitat for the spotted owl in Washington State, with nearly a third of that within the Counties. 77 Fed. Reg. 71876 (Dec. 4, 2012) (Rule).[2] Carpenters challenged the Rule on March 21, 2013, with the Counties moving to intervene before an answer was filed, on July 25, 2013.[3] The uncontested motion was granted.[4] A series of orders, motions, and filings ensued. This included denial of a motion to transfer, establishment of a litigation schedule, the filing of an over one-half million page administrative record, and completion of extensive briefing by all parties.[5]

Following all this, the Court raised a question on standing.[6] While the District Court dismissed,[7] on appeal the D.C. Circuit Court found plaintiffs had standing, and remanded to the

[1] ECF 41, §§ 1 and 4.2; ECF 17, Attachments 1 and 2; *see generally* ECF 85, Attachments 1-6.
[2] AR 1-6 (2,918,067 acres designated); ECF 17, § 3.
[3] ECF 1; ECF 17.
[4] ECF 31.
[5] ECF 33 (Order denying motion to transfer); ECF 37 (joint scheduling proposal); Minute Scheduling Order, May 7, 2014; *see* ECF 27, 29, 38 and 39 (administrative record); *see* ECF 52-81 (joint appendix); ECF 40, 41, 43, 44, and 46-50 (briefs from parties).
[6] ECF 82.
[7] ECF 92.

District Court to address the merits.[8] *Carpenters Indus. Council v. Zinke,* 854 F.3d 1 (D.C. Cir. 2017). Having waited four and one-half years since this case commenced, and is nearly concluded, the Environmental Groups now belatedly seek intervention.

## 3. ARGUMENT

### 3.1. An Intervention Motion Must Be Timely

Any intervention motion, whether as of right or permissive, must be timely. Fed.R.Civ.P. 24(a) and (b). "If it is untimely, intervention must be denied." *NAACP v. New York*, 413 U.S. 345, 365, 93 S. Ct. 2591, 2603, 37 L. Ed. 2d 648, 662 (1973) (upholding district court's denial of intervention based on timeliness). "Because a timely application is required for both intervention as of right and permissive intervention, a court should determine timeliness before moving on to the other intervention requirements." *United States v. Caterpillar, Inc.*, 2002 U.S. Dist. LEXIS 468, *19 (D.D.C. Jan. 17, 2002) (intervention motion filed over two years after the action commenced and after consent decrees were approved was untimely).

> [T]imeliness is to be judged in consideration of all the circumstances, especially weighing the factors of **time elapsed** since the inception of the suit, **the purpose** for which intervention is sought, **the need** for intervention as a means of preserving the applicant's rights, and the **probability of prejudice to those already parties in the case**.

*Smoke v. Norton*, 252 F.3d 468, 471 (D.C. Cir. 2001), emphasis added; *see also NAACP v. New York*, 413 U.S. at 365-66. In assessing timeliness, particular weight is given to whether intervention would prejudice the existing parties. *See Akiachak Native Cmty. v. DOI*, 584 F. Supp. 2d 1, 5 (D.D.C. 2008) (intervention motion filed just eighteen days after the plaintiffs filed consolidated complaint was timely). "The obvious reason for the rule against belated intervention is that it is unduly disruptive and places an unfair burden on the parties to the appeal." *Amalgamated Transit Union Int'l v. Donovan*, 771 F.2d 1551, 1553 (D.C. Cir. 1985)

[8] ECF 98.

(intervention denied after appellate decision, as intervention "even more disfavored" at that late stage).

### 3.2. The Environmental Groups' Intervention Motion is Not Timely

Over four years have passed since the litigation commenced. The Court established a litigation schedule, including deadlines for filing the administrative record and briefing, and that schedule has been complied with.[9] The case is not by any stretch "in its early stages."[10] The Environmental Groups do not explain their purpose in seeking intervention at this late date. They infer, but do not affirmatively state, that they intend to upend the Court's litigation schedule with additional briefing.

> Here, in addition to the **possibility of participating in any additional briefing** on the merits, Applicants seek to intervene for the purposes of protecting their interests which may be implicated by any **settlement negotiations**, or in a **potential appeal**.[11]

Briefing has been completed.[12] The possibility of participation in settlement discussions which might later occur, or an appeal which might later be filed, provides no legally cognizable basis for intervening, as Carpenters' briefing addresses. *See e.g., NAACP*, 413 U.S. at 367-69; *Sierra Club v. U.S. Dept. of Agriculture*, 716 F.3d 653, 657 (D.C. 2013). The Environmental Groups will have the opportunity to address any new Rule which may be promulgated and to challenge same should they object to it, but do not have the right to derail settlement discussions which might ensue, or file future appeals in this case, should USFW elect not to do so.

---

[9] ECF 37 (joint scheduling proposal); Minute Scheduling Order, May 7, 2014; *see also* section two above.
[10] Memorandum in Support of Motion to Intervene, p. 11.
[11] Memorandum in Support of Motion to Intervene, p. 11, emphasis added.
[12] See section two above, including FN 5.

Even if the Environmental Groups had identified a legitimate basis for intervention, they fail to identify a need to intervene.[13] If spotted owl critical habitat was a concern, they could have intervened earlier in the case. And, being familiar with the rule-making process, they will have the opportunity to participate in any such future processes which may unfold. Certainly, the claimed impact on litigation budgets is not a legitimate basis for intervention.

> [I]f this Court were to vacate, or reverse and remand, the Service's critical habitat rule, the **Center's members may question its ability to effectively advocate** on their behalf in order to protect endangered species and the critical habitat on which they depend. As a result, the Center's membership numbers may decline and **the Center may receive fewer donations to pursue protecting endangered species and their critical habitat**.[14]

Granting intervention would prejudice the Counties, a central factor the Court considers in deciding intervention. The Counties are in emergency fiscal and environmental circumstances, with vulnerable forests and fragile economies.[15] The longer this litigation is drawn out, the more these communities, which depend on commercial forestry for their survival, will be harmed. The declarations for Environmental Groups drive home that point.

- "Much of our day-to-day public lands timber sale monitoring consists of reviewing whether or not sales are planned within 2012 designated critical habitat for northern spotted owls...."[16]

- "Over the last year, we have commented on timber harvest proposals in the Upper White Salmon River,[17] Wind River,[18] and Silver Creek[19] watersheds based on the impacts to spotted owls. Our involvement in these projects resulted in the U.S. Forest Service **dropping units from the sales**...."[20]

---

[13] Memorandum in Support of Motion to Intervene, p. 11.
[14] Declaration of David Noah Greenwald (August 2, 2017), p. 6, ¶ 21, emphasis added.
[15] ECF 41, §§ 1 and 4.2; ECF 17, Attachments 1 and 2.
[16] Declaration of Josh Laughlin (May 23, 2017), p. 3, ¶ 7.
[17] Runs through Skamania and Klickitat Counties.
[18] Runs through Skamania County.
[19] Runs through Lewis County.
[20] Declaration of Nicole Budine (May 30, 2017), p. 3, ¶ 5, emphasis added.

- "In response to a lawsuit by the Center and 12 allies in 2009, the Obama administration announced it would cancel the Bush-era Western Oregon Plan Revision, which would have nearly quadrupled current logging on public lands in western Oregon...."[21]

- "In commenting on the proposed Loafer timber sale ... we ... suggested the Forest Service complete an Environmental Impact Statement.... The agency proceeded with the sale ...," we sued, and in April 2017 **the project was enjoined**.[22]

As the Rule is implemented, the Counties increasingly suffer its environmental and socio-economic consequences, including high unemployment and rural poverty. With strained local budgets dependent on federal forest transfer payments, the Counties' challenge with addressing these issues continues to deepen.[23] As the Court of Appeals noted during oral argument, the federal approach in these rural, timber dependent communities has resulted in them being "hollowed out."[24]

**4. CONCLUSION**

Filed well over four years after this litigation commenced and after all briefing has been completed, the Environmental Groups' motion to intervene is untimely. Despite the ten declarations filed, the role these nine new parties would play at this late stage is not clearly stated, and if they were to participate, such participation would delay the litigation to the Counties' prejudice.

---

[21] Declaration of David Noah Greenwald (August 2, 2017), p. 5, ¶ 16.
[22] Declaration of Josh Laughlin (May 23, 2017), p. 4, ¶ 8, emphasis added.
[23] ECF 41, §§ 1 and 4.2; ECF 17, Attachments 1 and 2; *see generally* ECF 85, Attachments 1-6.
[24] Argument, September 15, 2016, Minute 29:30-50.

The Counties join Carpenters in respectfully requesting this Court deny intervention.

DATED this 14th day of August, 2017.

LAW OFFICES OF
SUSAN ELIZABETH DRUMMOND, PLLC

/s/

Susan Elizabeth Drummond, *Pro-Hac Vice*
DC Cir. Ct. App. #56482; WSBA #30689
5400 Carillon Point, Bldg. 5000, Ste. 476
Kirkland, WA 98033
Phone: (206) 682-0767 // Fax: (425) 576-4040
susan@susandrummond.com
Attorney for Plaintiff-Intervenors

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Ryan A. Smith, DCB/DC Court #985586
1350 I Street, NW, Suite 510
Washington, D.C. 20005-3305
Phone (202) 296-7353 // Fax: (202) 296-7009
RSmith@bhfs.com
Attorney for Plaintiff-Intervenors

CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of August, 2017, I electronically filed the foregoing PLAINTIFF-INTERVENORS SKAMANIA, LEWIS, AND KLICKITAT COUNTIES' RESPONSE AND JOINDER IN PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

| | |
|---|---|
| Clifford E. Stevens, Jr.<br>U.S. Department of Justice<br>Environmental and Natural Resources Division<br>Ben Franklin Station, P. O. Box 7611<br>Washington, DC 20044<br>Phone: (202) 305-0275<br>clifford.stevens@usdoj.gov | Andrea Gelatt<br>U.S. Department of Justice<br>Environmental and Natural Resources Division<br>Ben Franklin Station, P. O. Box 7611<br>Washington, DC 20044<br>Phone: (202) 305-0210<br>andrea.gelatt@usdoj.gov |
| Mark C. Rutzick<br>Mark C. Rutzick, Inc.<br>12402 Myra Virginia Court<br>Oak Hill, VA 20171<br>Phone: (703) 870-7347<br>markrutzick@rutzick.com | Ryan A. Shannon<br>Center for Biological Diversity<br>P. O. Box 11374<br>Portland, OR 97211<br>Phone: (214) 476-8755<br>rshannon@biologicaldiversity.org |
| Kristen L. Boyles<br>Earthjustice<br>705 Second Avenue, Suite 203<br>Seattle, WA 98104<br>Phone: (206) 343-7340<br>kboyles@earthjustice.org | Susan Jane M. Brown<br>Western Environmental Law Center<br>4107 NE Couch Street<br>Portland, OR 97232<br>Phone: (503) 914-1323<br>brown@westernlaw.org |

DATED this 14th day of August, 2017.

/s/
Allyson Adamson, Paralegal
Law Offices of Susan Elizabeth Drummond, PLLC